United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>1.  ONE GLOCK 19, 9MM PISTOL, SERIAL NUMBER HFV026,<br><br>2.  9MM & 40 CAL. S & W AMMUNITION AND<br><br>3.  $10,130 IN UNITED STATES CURRENCY,<br><br>    Defendants.<br>_____/ | No. C-06-5412 JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT [Docket No. 25]** |

## I.  INTRODUCTION

Plaintiff United States brings a Motion for Default Judgment ("the Motion") in this *in rem* action, seeking a declaration that a firearm, ammunition, and $9,000.00 in Unites States currency that were seized from the home of Michael Green Johnson and Channelle Gamble are forfeited to the United States pursuant to 21 U.S.C. §§ 881(a)(6) & (11) and 18 U.S.C. § 924(d)(1). The Motion came on for hearing on Friday, August 17, 2007, at 1:30 p.m. For the reasons stated below, the Motion is GRANTED as to the firearm and currency. The Motion is DENIED as to the ammunition.

## II.  BACKGROUND

On September 1, 2006, Plaintiff commenced this action by filing a civil forfeiture complaint against the following property ("the Defendant property"):

1) One Glock 9-millimeter pistol, serial number HFV026;

2) Two magazines loaded with 9-millimeter ammunition and two boxes of 40-caliber S & W ammunition; and

3) $10,130.00 in United States currency (of which $9,000.00 remains unclaimed).

Complaint for Forfeiture ("Compl.") ¶ 3.

The Defendant property was seized on March 14, 2006, from the home of Michael Green Johnson and Chanelle Gamble, located at 136 Terrace Court, Hercules, California, pursuant to a federal search warrant issued in conjunction with a drug trafficking investigation. *Id.* ¶ 25. The search warrant authorized law enforcement agents to search various locations known to be utilized by Johnson and his associates in connection with their drug trafficking activities. *Id.* The Defendant property was found along with other evidence of drug trafficking, including processed marijuana, scales, and ziplock bags. *Id.* Johnson was also arrested as part of this investigation. *Id.* ¶ 26.

Plaintiff alleges that the firearm is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(11) as a firearm "used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of" illegal narcotics. Compl. ¶¶ 27-29; 21 U.S.C. § 881(a)(11). Plaintiff also alleges that the United States currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as money "furnished or intended to be furnished by any person in exchange for" narcotics, or "traceable to" or "used to facilitate" a narcotics exchange. *Id.* ¶¶ 30-32; 21 U.S.C. § 881(a)(6). Plaintiff further alleges that both the firearm and the ammunition are subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) as a firearm and ammunition "involved or used in any knowing violation" of 18 U.S.C. §§ 922(g) and 924. Compl. ¶¶ 33-39; 18 U.S.C. § 924(d)(1).

On September 5, 2006, Plaintiff served, via certified mail, copies of the Complaint, Notice of Forfeiture Action, Warrants of Arrest of Property *in rem*, and other documents relating to this action upon Gamble, her attorney, Diana L. Weiss, and Johnson's criminal attorney, Mark Vermuelen. Declaration of Stephanie Hinds in Support of Request for Clerk's Entry of Default ("Hinds Decl."), Ex. C (Certificate of Service). Plaintiff also published a Notice of Forfeiture in *The Recorder*, a daily San Francisco Bay area general circulation newspaper, on September 27, October 4, and October 11, 2006. Hinds Decl., Ex. B (Proof of Publication).

In response, Gamble filed a claim for $1,130.00 of the seized $10,130.00. Hinds Decl., ¶ 5. Plaintiff recognized Gamble's claim to the $1,130.00 and a settlement stipulation was filed on March 16, 2007. Settlement Stipulation (Docket No. 19) at 2. Pursuant to the settlement, Plaintiff returned $1,130.00 to Gamble in return for her agreement to relinquish any further claim to the remaining $9,000.00 or the other property. *Id.*

No additional claims have been filed in this matter, either by Johnson or by anyone else. Accordingly, default was entered as to the Defendant property on March 28, 2007. Plaintiff now seeks entry of default judgment declaring the Defendant firearm, ammunition and $9,000.00 in U.S. currency forfeited to the United States. Plaintiff asserts that it is entitled to entry of default judgment because it has met the relevant requirements of Admiralty Local Rule 6-2, which sets forth the applicable procedural requirements for obtaining a default judgment in an *in rem* action.

## III.   ANALYSIS

### A.   Jurisdiction

This court has jurisdiction over this matter under 28 U.S.C. § 1355, which vests district courts with original jurisdiction in "any action or proceeding for the . . . enforcement of any . . . forfeiture . . . incurred under any Act of Congress." 28 U.S.C. § 1355. Further, although the individual from whom the property was seized – Michael Green Johnson – has not consented to the jurisdiction of a United States magistrate judge, the undersigned magistrate judge nonetheless has jurisdiction to enter judgment in this action pursuant to 28 U.S.C. § 636(c)(1). This section provides magistrate judges the authority to enter judgment in a civil action "upon consent of the parties." 28 U.S.C. § 636(c)(1). The Ninth Circuit has held that in an *in rem* forfeiture proceeding, an individual who is not named as a defendant and who has not filed a claim or otherwise appeared in the action is not a party for the purposes of 28 U.S.C. § 636(c)(1). *United States v. N. Golden State Blvd.*, 135 F.3d 1312, 1317 (9th Cir. 1998); *see also United States v. 8136 S. Dobson St.*, 125 F.3d 1076, 1082 (7th Cir. 1997) (holding that individual who did not file a claim lacked standing to contest forfeiture of real property and was thus not a party to the action). Because Johnson is not named as a defendant in this action and has not filed a claim, he is not a party, and therefore, his consent is not required in order for the undersigned magistrate judge to enter judgment in this action.

### B.     Legal Standard

Forfeiture is "harsh and oppressive" and, thus, is "not favored by the courts." *U.S. v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1069 (9th Cir. 1994). The Ninth Circuit is "particularly wary of civil forfeiture statutes" because they "impose 'quasi-criminal' penalties" but do not provide property owners with the degree of procedural protection provided to criminal defendants. *Id.* at 1068; *U.S. v. Marolf*, 173 F.3d 1213, 1217 (9th Cir. 1999) (quoting *$191,910.00 in U.S. Currency*, 16 F.3d at 1068.). Accordingly, strict adherence to procedural rules is paramount in civil forfeiture proceedings. *See Marolf*, 173 F.3d at 1217 (denying forfeiture where government "erred" by failing to provide due notice to property owner); *$191,910.00 in U.S. Currency*, 16 F.3d at 1068-69 (strictly construing currency forfeiture provisions of 19 U.S.C. § 615 against government and holding that "the burden on the government to adhere to procedural rules should be heavier than on claimants"). The procedures governing civil forfeiture actions are set forth in the various specific forfeiture statutes, the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), 18 U.S.C. § 983, the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules") and this district's Admiralty Local Rules.

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, a district court may enter default judgment where the clerk, under Rule 55(a), has previously entered the defendant's default based upon a failure to plead or otherwise defend an action. Fed. R. Civ. P. 55; *see PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). Entry of default against a defendant, however, does not automatically entitle a plaintiff to default judgment. *See Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986) (affirming the district court's denial of default judgment despite the defendant's alleged failure to answer the complaint). Rather, the decision to grant a motion for default judgment is within the court's discretion. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Upon entry of default, the factual allegations of the plaintiff's complaint are assumed to be true, except those relating to damages. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). *See also* Fed. R. Civ. P. 8(d) ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."). A

4

defendant is not, however, held to admit conclusions of law. *Nishmatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

In the present matter, default was entered as to the Defendant property on March 28th, 2007. Consequently, the factual allegations of Plaintiff's complaint are deemed to be true and the Court is vested with the authority to enter default judgment. The Court's decision whether to exercise its discretion to do so is guided by two overlapping inquiries. First, the Court considers Plaintiff's claims in light of the factors set forth by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Second, the Court determines whether Plaintiff has met the specific procedural requirements governing forfeiture actions.

### C. **Application of the *Eitel* Factors**

In *Eitel*, the Ninth Circuit set forth the following factors to be considered in determining whether entry of default judgment is appropriate:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

782 F.2d 1470, 1471-72 (9th Cir. 1986). In the present matter, there is no evidence that default was due to excusable neglect given that, as discussed below, Plaintiff provided adequate service and notice to the parties known to have an interest in the property. The Court also is aware of no evidence on the merits that suggests that entry of default judgment is inappropriate. Nor is the sum of money at stake in the action so large as to warrant a denial of the motion. Further, although the federal courts prefer to decide cases on their merits when "reasonably possible," *id*. at 1472, this preference is not dispositive. *See Kloepping v. Fireman's Fund*, 1996 WL 75314, *3 (N.D. Cal. February 13, 1996). When a defendant fails to answer a plaintiff's complaint, a decision on the merits is "impractical, if not impossible." *PepsiCo.*, 238 F. Supp. 2d at 1177. Therefore, "the preference to decide cases on the merits does not preclude a court from granting default judgment." *Kloepping*, 1996 WL 75314 at *3.

Before entering default judgment, however, the Court must ensure that the allegations of Plaintiff's complaint, which are assumed to be true, are sufficient to warrant forfeiture of the Defendant property under the relevant statutes. The Court addresses the sufficiency of Plaintiff's claims below.

### 1.     Plaintiff's § 881 Claims

Plaintiff seeks forfeiture of Defendant firearm and currency (but not ammunition) pursuant to two provisions of 21 U.S.C. § 881(a). First, 21 U.S.C. § 881(a)(6) provides for forfeiture the the United States of "all moneys. . . furnished or intended to be furnished by any person in exchange for a controlled substance, . . . all proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to facilitate any" narcotics transaction. 21 U.S.C. § 881(a)(6). Second, 21 U.S.C. § 881(a)(11) provides for forfeiture of any firearm "used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of" illegal narcotics. 21 U.S.C. § 881(a)(11). Plaintiff acknowledged at oral argument that § 881 does not provide for forfeiture of ammunition.

Property subject to forfeiture under 21 U.S.C. § 881(a) is to be seized "pursuant to a warrant obtained in the same manner as provided for a search warrant under the Federal Rules of Criminal Procedure." 18 U.S.C. § 981(b)(1), (2). The statute of limitations governing forfeitures under § 881 is drawn from the customs laws. *See* 21 U.S.C. § 881(d). The applicable statute of limitations provides as follows:

> no suit or action to recover any pecuniary penalty or forfeiture of property accruing under the customs laws shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered, or in the case of forfeiture, within 2 years after the time when the involvement of the property in the alleged offense was discovered, which ever was later.

19 U.S.C. § 1621; *see also U.S. v. James Daniel Good Real Prop.*, 114 U.S. 43, 63 (1993) (holding that 19 U.S.C. § 1621 provides the applicable statute of limitations for a § 881(a) claim).

In the present matter, it is alleged that the Defendant property was seized pursuant to a federal search warrant as a result of its connection to the documented drug trafficking activities of Michael Green Johnson. Compl. ¶ 25. Furthermore, Plaintiff brought the forfeiture action well

6

within the statute of limitations for § 881 forfeitures: the property was seized in March 2006 and the forfeiture action was filed in September of the same year. Accordingly, the Court finds that Plaintiff's forfeiture claims under 21 U.S.C. §§ 881(a)(6) & (11) as to the firearms and currency are sufficient.

### 2. Plaintiff's § 924 Claim

Plaintiff also seeks forfeiture of Defendant firearm and ammunition pursuant to 18 U.S.C. § 924(d)(1), which provides for forfeiture of "any firearm or ammunition involved in or used in any knowing violation of" 18 U.S.C. §§ 922(g) and 924. This claim fails, however, because the forfeiture action was not commenced within 120 days of the seizure, as explicitly required by the statute. *See* 21 U.S.C. § 924(d)(1). As noted above, the firearm and ammunition were seized on March 14, 2006 and this action was initiated on September 1, 2006 – more than a full month after the expiration of the 120-day limitation period. For this reason, Plaintiff's § 924(d)(1) forfeiture claim fails.[1]

### D. Procedural Requirements for Forfeiture

Given the Court's finding that entry of default judgment as to the firearm and currency is appropriate under *Eitel*, the court must next determine whether Plaintiff has also satisfied the procedural requirements that govern civil forfeiture actions and entry of default judgment in such actions. The Court concludes that it has.

### 1. The Supplemental Rules

The Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules") govern judicial forfeitures of property. *United States v. 5145 N. Golden State Blvd.*, 135 F.3d 1312, 1315 (9th Cir. 1998). Prior to the adoption of Supplemental Rule G, the rules governing *maritime* forfeiture actions, Supplemental Rules C and E, also governed civil forfeiture actions. *See U.S. v. $50,040 in U.S. Currency*, 2007 WL 1176631, *2 (N.D. Cal. April 20, 2007). On December 1, 2006, Supplemental Rule G was adopted to govern civil forfeiture actions in rem. *Id.* At the same

---

[1] At oral argument, Plaintiff conceded that the action was untimely under § 924 and therefore, that there was no proper basis for entry of default judgment as to the ammunition. The government represented to the Court that the ammunition will not be returned to Mr. Johnson. Rather, the government intends to initiate abandonment proceedings as to the ammunition.

7

time, Rules C and E were revised to take into account the enactment of Rule G. Supplemental Rule G provides that, to the extent it does not address an issue, Supplemental Rules C and E, as revised, continue to apply. Supp. R. G(1).

Pursuant to the Supplemental Rules, the United States initiates forfeiture proceedings by filing a complaint. Supp. R. C(2)); Supp. R. G(2). Under both Rules C(2) and G(2), the complaint must be verified and describe the property at issue with reasonable particularity. Rule G(2) also requires that the complaint include sufficient factual allegations to support a "reasonable belief" the United States will be able to meet its burden at trial.

The United States must then publish notice of the forfeiture action in a newspaper of general circulation in the district. Supp. R. C(4)); Supp. R. G(4)(a)(iv)(A). This notice must include the time for filing a claim. *Id*. At the time that notice by publication was effected in this case, in September and October of 2006, the time for filing a claim was set forth in Rule C(6), which required that a person who asserted an interest in or right against the property must file a verified statement identifying the interest or right within thirty days of the earlier of the complaint's date of service or completed publication of notice. Supp. R. C(6) (subsequently amended). In addition to published notice, the United States must also provide direct notice of the forfeiture action to potential claimants under Supplemental Rule G. This notice may be sent to the potential claimant's attorney in a criminal matter that is related to the forfeiture action. Supp. R. G(4)(b)(iii)(B).

### 2. The Local Admiralty Rules

In addition to the Supplemental Rules discussed above, Plaintiff must also comply with the local rules governing forfeiture proceedings, in particular, Admiralty Local Rules 6-1 and 6-2.[2] Admiralty Local Rule 6-2 addresses entry of default judgment in *in rem* actions, providing that default judgment may be entered in an *in rem* action if:

(a) Notice has been given as required by Admiralty Local Rule 6-1;

---

[2] The Admiralty and Maritime Local Rules "apply . . . to proceedings that are governed by the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure . . . [including] statutory . . . forfeiture proceedings analogous to maritime actions *in rem*." Admir. L.R. 1-2. Because the Admiralty Local Rules have not been revised to reflect the 2006 amendments to the Supplemental Rules, they do not refer to Rule G. To the extent there is any conflict between the Local Rules and the federal Supplemental Rules, the latter take precedence.

8

        (b)    The time to answer has expired, and

        (c)    No one has filed a verified statement of right or interest in the property.

Admir. L.R. 6-2; *see also U.S. v. $7,250 United States Currency*, 2004 WL 1465716, 1 (N.D. Cal. March 31, 2004) (applying Admir. L.R. 6-2 to determine whether plaintiff was entitled to entry of default judgment in forfeiture action brought under 28 U.S.C. § 881(a)(6)); *U.S. v. 1999 Lexus GS400*, 2007 WL 1056791, 3 (N.D. Cal. April 6, 2007) (applying Admir. L.R. 6-2 to determine whether plaintiff was entitled to entry of default judgment in forfeiture action brought under 28 U.S.C. §§ 881(a)(6) & (11)).

        Admiralty Local Rule 6-1(a) requires that the following notice be given in an *in rem* action:

        (1)    By publication as required in FRCivP Supp C(4);

        (2)    By service upon the master or other person having custody of the property; and

        (3)    By service under FRCivP 5(b) upon every other person who has not appeared in the action and is known to have an interest in the property.

Admir. L.R. 6-1(a). As noted above, Supplemental Rule C(4) requires that notice be given in a newspaper of "general circulation in the district" and that the notice specify the time to file a claim against the property and to answer the complaint. Supp. R. C(4). Rule 5(b) of the Federal Rules of Civil Procedure sets forth the general rules for service of documents other than a summons that apply in federal actions.

        In addition, Rule 6-1(b)(3) provides that "[i]f the defendant property is of such character that there exists a governmental registry of recorded property interests or security interests in the property, the plaintiff must attempt to notify all persons named in the records of each such registry." Admir. L.R. 6–1(b).

        Failure to meet the notice requirements of Rule 6-1 is grounds for setting a default aside. Admir. L.R. 6-1(c).

### 3. Adequacy of Complaint

        Plaintiff filed a verified complaint that describes the property subject to forfeiture, the specific forfeiture statutes at issue and the facts supporting forfeiture. In addition, the Court has already concluded that the United State's claims under § 881 are sufficient as to the currency and

1 firearm. The Court, therefore, concludes that Plaintiff has met the requirements set forth in the
2 Supplemental Rules, discussed above, for complaints in civil forfeiture actions except as to the
3 ammunition.

### 4.     Adequacy of Notice

Plaintiff has met the notice requirements set forth in Rule 6-1 and the Supplemental Rules. First, Plaintiff published the Notice of Forfeiture Action in *The Recorder*, a daily newpaper of general circulation in the San Francisco Bay. Hinds Decl., Ex. B (Proof of Publication); *see also $7,250 United States Currency*, 2004 WL 1465716 at *1 (holding that publication in *The Recorder* satisfied publication requirement). This notice provided a detailed account of the action, including the required time to file a claim and an answer, and ran on September 27, 2006, October 4, 2006, and October 11, 2006. Proof of Publication. Second, on September 5, 2006, Plaintiff served copies of the Complaint and Notice of Forfeiture Action upon Chanelle Gamble, her attorney, Diana L. Weiss, and Michael Green Johnson's attorney, Mark Vermuelen. Hinds Decl., Ex. C (Certificate of Service). These documents were served by certified mail, a means of service that is expressly permitted under Rule 5(b)(2)(B) of the Federal Rules of Civil Procedure. *See also In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1294 (11th Cir. 2003) (upholding default judgment where defendant failed to respond to the complaint served to his last known business address via certified mail). Although notice was not sent directly to Johnson, Rule 5(b) stipulates that service upon an individual's attorney suffices as service upon the individual. Fed. R. Civ. P. 55(b)(2); *see also* Supp. Rule G(4)(b)(iii)(B) (permitting service on claimant's criminal attorney where criminal action is related to forfeiture). Further, there are no other individuals known to have an interest in the Defendant property.[3]

### 5.     Expiration of Time to Answer

As noted above, at the time Plaintiff initiated this action (and for several months thereafter), the applicable rule governing time for filing a claim was found in Supplemental Rule C(6), which required that a person who asserted an interest in or right against the property must file a verified

---

[3] At oral argument, Plaintiff represented to the Court that the firearm at issue was not registered.

10

statement identifying the interest or right within thirty days of the earlier of the complaint's date of service or completed publication of notice. Supp. R. C(6) (subsequently amended). The answer was due 20 days later. *Id*. Here, the complaint was served on Johnson's attorney on September 5, 2006 and publication was completed on October 11, 2006. Hence, the time for filing an answer has long since passed. Other than the Gamble claim, which has already been settled, no claim or answer has been filed in this action. Hinds Decl., ¶ 6.

## IV. CONCLUSION

For the reasons stated above, the Motion is GRANTED as to the Defendant firearm and currency pursuant to 21 U.S.C. §§ 881(a)(6) & (11). The Motion is DENIED as to the Defendant ammunition. Default judgment is hereby entered for the United States against Defendant firearm and $9,000.00 in United States Currency, which are forfeited to the United States. Accordingly, all right, title and interest in said property is vested in the United States of America. IT IS FURTHER ORDERED that the United States Marshals Service shall dispose of the forfeited defendant property according to law.

IT IS SO ORDERED.

Dated: August 22, 2007

JOSEPH C. SPERO
United States Magistrate Judge

11